UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAVIER CEDENO MERA TENORIO

v.                                                          Case No: 8:11-cr-545-T-24 MAP

UNITED STATES OF AMERICA

_____/

## ORDER

Before the Court is Defendant Javier Cedono Mera Tenorio's *pro se* motion for
reconsideration (Doc. 110) of the Court's April 3, 2017 order (Doc. 108) denying Defendant's
motion for a sentence reduction in light of clarifying amendment 794 to § 3B1.2 of the United
States Sentencing Guidelines (the "Guidelines") (Doc. 107).  For the following reasons, the motion
for reconsideration is **DENIED**.

On February 21, 2012, Defendant was sentenced to 121 months' imprisonment followed
by five years' supervised release after pleading guilty to conspiracy to possess with an intent to
distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the
United States, in violation of 46 U.S.C. § 70506(a)–(b) and 21 U.S.C. § 960(b)(1)(B). (Doc. 49).
Defendant did not file a direct appeal. On February 16, 2016, Defendant's sentence was reduced
to 120 months pursuant to Amendment 782 to the United States Sentencing Guidelines. (Doc. 91).

Defendant subsequently argued that the Court should reduce his sentence based on the
policy considerations underlying Amendment 794, which amended the commentary to § 3B1.2 of
the Guidelines and clarified the factors to be considered for a minor-role adjustment. (Doc. 107).

1

The Court denied Defendant's motion. (Doc. 108).  Defendant now moves for reconsideration of this Court's order denying his motion for a sentence reduction.

A motion to reconsider is justified if there is (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or to prevent manifest injustice. *Williams v. United States*, 2011 WL 839371, at *1 (M.D. Fla. Mar. 7, 2011). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *See id.* (citations omitted).

As explained in this Court's order denying Defendant's motion for a sentence reduction, Clarifying Amendment 794 is "an amendment to the commentary, and not to the text, of the Guidelines." *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016).  Thus, "Amendment 794 merely clarified the factors to be considered for a minor-role adjustment, and did not substantively change [§ 3B1.2]." *Id.*  As a clarifying amendment, Amendment 794 is considered on direct appeal.  *Id.*  But because Defendant's motion for a sentence reduction was not a direct appeal, this Court denied the motion. (Doc. 108).

Defendant argues that because Amendment 794 was not available to him at the time he filed his direct of appeal, a minor role reduction is warranted in order to prevent manifest injustice. This is simply a rehashing of the arguments made in Defendant's motion for a sentence reduction. Moreover, each of the cases cited by Defendant in his motion for reconsideration concern direct appeals and are not applicable here.  Defendant has not presented any valid basis for why the Court should reconsider its prior order, and his motion therefore falls short of the required showing for reconsideration.  Accordingly, Defendant's motion for reconsideration of this Court's order is **DENIED.**

DONE AND ORDERED at Tampa, Florida, this 18th day of April, 2017.

SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**

*Pro Se* Defendant